**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4683**
_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

GREGORY D. ANDERSON,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:10-cr-00260-MOC-DSC-1)

_____

Submitted:  September 30, 2015      Decided:  October 21, 2015

_____

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Ross Hall Richardson, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Jill Westmoreland Rose, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory D. Anderson pled guilty, pursuant to a conditional plea agreement, to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2012); bank fraud, in violation of 18 U.S.C. § 1344 (2012); making false statements to the Department of Housing and Urban Development, in violation of 18 U.S.C. § 1010 (2012); money laundering to conceal the proceeds of illegal activities, in violation of 18 U.S.C. § 1956 (a)(1)(B)(i) (2012); and forcibly resisting arrest inflicting injury to persons assisting the United States, in violation of 18 U.S.C. § 111 (2012).  On appeal, Anderson argues that the district court erred in interpreting a preindictment proffer agreement,[1] in finding that the Government did not commit an anticipatory breach of the proffer agreement, and in using information obtained from the proffer agreement at sentencing. The Government asserts that Anderson's waiver of appellate rights in the plea agreement bars some of his claims.  We affirm in part and dismiss in part.

First, we consider Anderson's argument that the Government committed an anticipatory breach of the proffer agreement by

---

[1] See United States v. Lopez, 219 F.3d 343, 345 n.1 (4th Cir. 2000) (discussing proffer agreements generally).

reading him his Miranda[2] rights and presenting him an advice—of—rights form prior to his second proffer session.   Anderson argues that this amounts to an anticipatory breach of the proffer agreement because the Government's actions contradicted its central obligations under the proffer agreement — that his statements would not be used against him in court.

Whether a proffer agreement has been breached is "a question of law that we review de novo."  Lopez, 219 F.3d at 346.   "[A] proffer agreement operates like a contract; accordingly, we examine its express terms to determine whether [a party] is in breach."  United States v. Gillion, 704 F.3d 284, 292 (4th Cir. 2012).  We rely on principles of contract law in interpreting criminal agreements but "hold[] the Government to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities."  United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986).   Under contract law, an anticipatory breach occurs when "one party to a contract renounces its future contractual obligations, in essence promising ahead of time not to perform when performance comes due."   Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr., 594 F.3d 285, 292 (4th Cir. 2010).

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

We conclude that the Government did not commit an anticipatory breach of the proffer agreement. The record shows that the Government's agents answered Anderson's questions about the effects of the Miranda warnings on the proffer agreement, that Anderson previously communicated a desire to be represented by counsel, that the agents were concerned when Anderson appeared at the proffer meeting without counsel, and that the agents' motivations in advising Anderson of his rights were to ensure he understood his right to have counsel present. Moreover, the terms of the proffer agreement expressly provided circumstances in which Anderson's statements could be used against him in court, and, thus, the agents' decision to provide a Miranda warning and an advice-of-rights form did not reject the Government's central obligations under the proffer agreement.

Next, we consider the Government's contention that the remainder of Anderson's appeal is barred by the waiver of appellate rights in his plea agreement. Anderson argues that we should consider the merits of his remaining arguments because the district court expanded the scope of the appeal waiver at his Fed. R. Crim. P. 11 hearing, and his argument that the Government breached the proffer agreement cannot be waived. We review a waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

4

In his plea agreement, Anderson agreed to waive all rights to appeal his conviction and sentence except for his supplemental motion to dismiss and claims of ineffective assistance of counsel and prosecutorial misconduct. Our review of the record on appeal leads us to conclude that the district court did not expand the appeal waiver in attempting to explain the waiver's terms to Anderson. See United States v. Wood, 378 F.3d 342, 349 (4th Cir. 2004).

The only argument in Anderson's supplemental motion to dismiss is his argument that the Government committed an anticipatory breach of the proffer agreement. Thus, to the extent Anderson argues that the district court erred in interpreting the proffer agreement and allowing the use of Anderson's proffer statements at sentencing, those claims fall within the scope of the waiver.[3]

Although we have held that "[a] defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under [a] plea agreement," United States v. Dawson, 587 F.3d 640, 644 n.4 (4th Cir. 2009), we have not extended this rule to proffer agreements. The

---

[3] To the extent Anderson seeks to recast this claim as an allegation of prosecutorial misconduct, he did not adequately preserve the claim because he did not pursue this argument until he filed his reply brief. See A Helping Hand, LLC v. Baltimore Cty., 515 F.3d 356, 369 (4th Cir. 2008).

Government did not commit an anticipatory breach of the proffer agreement, and Anderson's argument that the Government breached the agreement by using before the grand jury information obtained during the proffer sessions is a nonjurisdictional defect waived by Anderson's guilty plea. United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, this portion of the appeal is foreclosed by the waiver provision in the plea agreement.

Accordingly, we affirm in part and dismiss the appeal in part. We deny Anderson's motions to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;<br>DISMISSED IN PART